FILED
HARRISBURG, PA

MAY 19 2015



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENTSPLY INTERNATIONAL INC.<br>and<br>DENTSPLY IH AB,<br><br>    Plaintiffs,<br><br>v.<br><br>CURE MEDICAL LLC,<br><br>    Defendant. | Civ. No. 1:15-CV-977<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs DENTSPLY International Inc. and DENTSPLY IH AB d/b/a/ Wellspect Healthcare (Plaintiffs are hereafter collectively referred to as "DENTSPLY"), for their complaint against defendant Cure Medical LLC (hereinafter referred to as "Cure Medical") for patent infringement, plead and allege as follows:

## NATURE AND BASIS OF THE ACTION

1. This is a civil action alleging infringement of United States Patent Nos. 6,409,717 (the "'717 patent"), 6,736,805 (the "'805 patent"); 7,087,048 (the "'048 patent"); and 7,615,045 (the "'045 patent") (collectively, the "DENTSPLY Patents") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## PARTIES

2. Plaintiff DENTSPLY International Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at Susquehanna Commerce Center, 221 West Philadelphia Street, Suite 60W, York, Pennsylvania 17405-0872.

3. Plaintiff DENTSPLY IH AB is a share company organized and existing under the laws of the Kingdom of Sweden, having its principal place of business at Aminogatan 1, Mölndal, Västra Götaland, 431 53 Sweden.

4. Plaintiff DENTSPLY IH AB is a subsidiary of DENTSPLY International Inc.

5. Plaintiff DENTSPLY IH AB operates in the United States under the fictitious business name "Wellspect Healthcare."

6. DENTSPLY IH AB is the world's leading manufacturer of low friction urinary catheters having a hydrophilic coating.

7. Upon information and belief, Defendant Cure Medical LLC is a limited liability corporation organized and existing under the laws of the State of California, having its principal place of business at 3700 Newport Blvd., Suite 301, Newport Beach, California 92663.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The Court has personal jurisdiction over Cure Medical because, upon information and belief, Cure Medical is present and doing business in the Commonwealth of Pennsylvania, either directly, or through its agents, or alternatively, because defendants are otherwise subject to personal jurisdiction under the principles set forth in 42 Pa. C.S.A. §5322(a), because the infringing products complained of herein are being sold in Pennsylvania, including the solicitation of infringing sales and services via Cure Medical's own website, www.curemedical.com and through third party websites including, but not limited to, www.1800medical.com, libertymedical.com, and www.athomemedical.com.

10. Venue in this District is proper under 28 U.S.C. §1391, because Cure Medical resides in this District, a substantial part of the relevant events or omissions giving rise to the claims occurred in this District, and upon information

and belief, Cure Medical's products at issue in this action are offered for sale in this District, throughout Pennsylvania and throughout the United States of America.

## FACTS COMMON TO ALL CLAIMS

11.   Plaintiffs repeat and reallege paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.   On June 25, 2002, the '717 patent, entitled "Hydrophilic Urinary Catheter Having A Water-Containing Sachet," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '717 patent is attached hereto as Exhibit A.

13.   On May 18, 2004, the '805 patent, entitled "Hydrophilic Urinary Catheter Having A Water-Containing Sachet," was duly and lawfully issued by the USPTO. A true and correct copy of the '805 patent is attached hereto as Exhibit B.

14.   On August 8, 2006, the '048 patent, entitled "Hydrophilic Urinary Catheter Having A Water-Containing Sachet," was duly and lawfully issued by the USPTO. A true and correct copy of the '048 patent is attached hereto as Exhibit C.

15.   On November 10, 2009, the '045 patent, entitled "Hydrophilic Urinary Catheter Having A Water-Containing Sachet," was duly and lawfully

issued by the USPTO. A true and correct copy of the '045 patent is attached hereto as Exhibit D.

16.  DENTSPLY IH AB is the owner by assignment of all right, title and interest in and to the DENTSPLY Patents, and possesses all rights of recovery under the DENTSPLY Patents, including the right to sue and recover all past, present and future damages for infringement thereof, and to enjoin acts of infringement of the DENTSPLY Patents.

17.  Upon information and belief, Cure Medical has manufactured, used, sold, offered for sale or imported into the United States and this judicial district certain infringing intermittent hydrophilic catheter products containing an integrated water pouch (the "Accused Products") that infringe at least claim 1 of each of the DENTSPLY Patents.

18.  Upon information and belief, Cure Medical has manufactured, used, sold, offered for sale or imported into the United States and this judicial district Accused Products labeled by Cure Medical as item number HM12 that infringe at least claim 1 of each of the DENTSPLY Patents.

19.  Upon information and belief, Cure Medical has manufactured, used, sold, offered for sale or imported into the United States and this judicial district

Accused Products labeled by Cure Medical as item number HM14 that infringe at least claim 1 of each of the DENTSPLY Patents.

20. Upon information and belief, Cure Medical has manufactured, used, sold, offered for sale or imported into the United States and this judicial district Accused Products labeled by Cure Medical as item number HM16 that infringe at least claim 1 of each of the DENTSPLY Patents.

21. Cure Medical had notice of DENTSPLY Patents at least from the time of a letter sent by DENTSPLY's counsel to Cure Medical on or about October 1, 2014. A true and correct copy of that letter is attached hereto as Exhibit E.

22. Cure Medical is not now and never has been authorized by DENTSPLY to make, use, sell or offer to sell any product or process that falls within the claims of the DENTSPLY Patents.

## COUNT I – INFRINGEMENT OF THE '717 PATENT

23. DENTSPLY hereby incorporates paragraphs 1 through 22 of this Complaint into this Count for Patent Infringement and Claim for Relief as though fully set forth herein.

24. In violation of 35 U.S.C. § 271, Cure Medical has infringed and continues to infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, at least claim 1 of the '717 patent at least with

respect to its manufacture, use, sale, offer for sale or importation of the Accused Products.

25. DENTSPLY is entitled to recover from Cure Medical the damages sustained by it as a result of Cure Medical's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Upon information and belief, such infringement is willful and deliberate and was made and continues to be made with knowledge of the '717 patent. Upon information and belief, such infringement continued after notice by DENTSPLY to Cure Medical of the existence of the '717 patent and Cure Medical's infringement thereof. Such acts constitute willful and deliberate infringement and thereby make this case exceptional and entitle DENTSPLY to increased damages (up to three times the amount found or assessed) and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

27. Cure Medical's infringement under the '717 patent has and will continue to damage DENTSPLY, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II – INFRINGEMENT OF THE '805 PATENT

28.     DENTSPLY hereby incorporates paragraphs 1 through 22 of this Complaint into this Count for Patent Infringement and Claim for Relief as though fully set forth herein.

29.     In violation of 35 U.S.C. § 271, Cure Medical has infringed and continues to infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, at least claim 1 of the '805 patent at least with respect to its manufacture, use, sale, offer for sale or importation of the Accused Products.

30.     DENTSPLY is entitled to recover from Cure Medical the damages sustained by it as a result of Cure Medical's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     Upon information and belief, such infringement is willful and deliberate and was made and continues to be made with knowledge of the '805 patent. Upon information and belief, such infringement continued after notice by DENTSPLY to Cure Medical of the existence of the '805 patent and Cure Medical's infringement thereof. Such acts constitute willful and deliberate infringement and thereby make this case exceptional and entitle DENTSPLY to

increased damages (up to three times the amount found or assessed) and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

32. Cure Medical's infringement under the '805 patent has and will continue to damage DENTSPLY, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### COUNT III – INFRINGEMENT OF THE '048 PATENT

33. DENTSPLY hereby incorporates paragraphs 1 through 22 of this Complaint into this Count for Patent Infringement and Claim for Relief as though fully set forth herein.

34. In violation of 35 U.S.C. § 271, Cure Medical has infringed and continues to infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, at least claim 1 of the '048 patent at least with respect to its manufacture, use, sale, offer for sale or importation of the Accused Products.

35. DENTSPLY is entitled to recover from Cure Medical the damages sustained by it as a result of Cure Medical's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Upon information and belief, such infringement is willful and deliberate and was made and continues to be made with knowledge of the '048 patent. Upon information and belief, such infringement continued after notice by DENTSPLY to Cure Medical of the existence of the '048 patent and Cure Medical's infringement thereof. Such acts constitute willful and deliberate infringement and thereby make this case exceptional and entitle DENTSPLY to increased damages (up to three times the amount found or assessed) and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

37. Cure Medical's infringement under the '048 patent has and will continue to damage DENTSPLY, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### COUNT IV – INFRINGEMENT OF THE '045 PATENT

38. DENTSPLY hereby incorporates paragraphs 1 through 22 of this Complaint into this Count for Patent Infringement and Claim for Relief as though fully set forth herein.

39. In violation of 35 U.S.C. § 271, Cure Medical has infringed and continues to infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, at least claim 1 of the '045 patent at least with

respect to its manufacture, use, sale, offer for sale or importation of the Accused Products.

40. DENTSPLY is entitled to recover from Cure Medical the damages sustained by it as a result of Cure Medical's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41. Upon information and belief, such infringement is willful and deliberate and was made and continues to be made with knowledge of the '045 patent. Upon information and belief, such infringement continued after notice by DENTSPLY to Cure Medical of the existence of the '045 patent and Cure Medical's infringement thereof. Such acts constitute willful and deliberate infringement and thereby make this case exceptional and entitle DENTSPLY to increased damages (up to three times the amount found or assessed) and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

42. Cure Medical's infringement under the '045 patent has and will continue to damage DENTSPLY, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs DENTSPLY International Inc. and DENTSPLY IH AB, a subsidiary of DENTSPLY International Inc., request the Court to enter judgment against Cure Medical LLC, and against its subsidiaries, affiliates, agents, servants and employees, together with all persons in active concert or participation with them, in granting the following relief:

A.   A judgment that Cure Medical has infringed and is currently infringing the claims of the '717 patent in violation of 35 U.S.C. § 271, and that Cure Medical's infringement was willful;

B.   A judgment that Cure Medical has infringed and is currently infringing the claims of the '805 patent in violation of 35 U.S.C. §271, and that Cure Medical's infringement was willful;

C.   A judgment that Cure Medical has infringed and is currently infringing the claims of the '048 patent in violation of 35 U.S.C. §271, and that Cure Medical's infringement was willful;

D.   A judgment that Cure Medical has infringed and is currently infringing the claims of the '045 patent in violation of 35 U.S.C. §271, and that Cure Medical's infringement was willful;

E.   An award of all damages to compensate DENTSPLY for Cure Medical's past infringement, and any future infringement up to the date such judgment is entered, of the '717 patent, the '805 patent, the '048 patent and the '045 patent, including interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate DENTSPLY for Cure Medical's infringement, an accounting of all infringing sales, manufacture, uses, importation and offers for sale including, but not limited to, those not presented at trial;

F.   An award of enhanced damages of three times the amount of actual damages assessed for the '717 patent, the '805 patent, the '048 patent and the '045 patent;

G.   A declaration that this case is exceptional under 35 U.S.C. § 285, and an award to DENTSPLY of its attorney fees, costs, and expenses incurred in this action;

H.   Preliminary and permanent injunctive relief enjoining Cure Medical, its officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from any further acts of infringement of the '717 patent, the '805 patent, the '048 patent and the '045 patent;

I.    An award to DENTSPLY of pre-judgment and post-judgment interest on the damages caused to it by reason of Cure Medical's infringement of the '717 patent, the '805 patent, the '048 patent and the '045 patent; and

J.    An award to DENTSPLY of such other and further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DENTSPLY hereby demands trial by jury on all claims and issues so triable.

Dated: May 19, 2015

McNEES WALLACE & NURICK LLC

By _____
Shawn K. Leppo (PA 94569)
sleppo@mwn.com
Harvey Freedenberg (PA 23152)
hfreeden@mwn.com
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone: (717) 232-8000
Facsimile: (717) 237-5300
**Attorneys for Plaintiffs**